# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **FISH VENICE CHARTERS, LLC,** | * | |
| **and EDWARD BURGER** | * | |
| Plaintiffs | * | **CIVIL ACTION**  1:23cv1 HSO-BWR |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **GREAT AMERICAN INSURANCE COMPANY** | * | **MAGISTRATE** |
| **AND JOHN AND JANE DOES A; B; C; AND D** | * | |
| Defendants | * | **JURY TRIAL REQUESTED** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT**, through undersigned counsel, come Defendant, GREAT AMERICAN INSURANCRE COMPANY, defendant in the matter styled *Fish Venice Charters, LLC, and Edward Burger v. Great American Insurance Company., et al.*, bearing Civil Action No. 2022-00212, in the Circuit Court of Jackson County, Mississippi, and while reserving all rights and defenses, hereby removes the foregoing state court suit to the United States District Court for the Southern District of Mississippi, for the reasons set forth below:

1.

28 U.S.C. § 1441 provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States… ."

3.

On or about December 5, 2022, Plaintiffs, FISH VENICE CHARTERS, LLC, and EDWARD BURGER, filed a Complaint in the Circuit Court of Jackson County, Mississippi, (Exhibit "A"), seeking damages, including punitive damages, arising from the denial of their "total loss" insurance claim stemming from alleged damage to a charter fishing vessel allegedly owned by Plaintiffs. A complete copy of the record of state court proceedings is attached hereto as Exhibit "B".

4.

In their Petition, Plaintiffs allege that Defendant, GREAT AMERICAN INSURANCRE COMPANY, insured the subject vessel, and that the policy insuring the vessel had an agreed hull value of $265,000.00. They allege that the subject vessel was damaged on or about January 15, 2021, when it struck a submerged object during a fishing charter; however, Plaintiffs further allege that they were unaware of the full extent of the damage until late-Summer of 2021, when they discovered the subject vessel was a total loss. Plaintiffs further allege that Defendant was put on notice of the loss on April 21, 2022. Finally, Plaintiffs allege that Defendant wrongfully and in bad faith, denied their insurance claim. *See* Exhibit "A".

5.

The Complaint filed by Plaintiffs names only one Defendant, GREAT AMERICAN INSURANCE COMPANY.  Plaintiffs named other potential, unidentified parties as "JOHN AND JANE DOES A; B; C; AND D."  *See* Exhibit "A".

6.

Defendant, GREAT AMERICAN INSURANCRE COMPANY, files this Notice of Removal within thirty (30) days of service, and therefore removal is timely pursuant to 28 U.S.C. § 1446.

7.

Venue for the removal is proper in this District pursuant to 28 U.S.C. § 1446(a).

8.

Defendant is entitled to remove this matter to federal court because the claim of FISH VENICE CHARTERS, LLC, and EDWARD BURGER falls within the original subject matter jurisdiction of this Court under 28 U.S.C. § 1332, and is removable under 28 U.S.C. §§ 1441 and 1446, where complete diversity exists as between Plaintiffs and Defendants and where the claim exceeds $75,000 exclusive of interest and costs.

9.

In the Complaint, Plaintiff, FISH VENICE CHARTERS, LLC, avers that it is a Louisiana limited liability company, and that Plaintiff, EDWARD BURGER, is its sole member aver that

they are residents of Louisiana.  Plaintiff, EDWARD BURGER, avers that he is an adult citizen of Louisiana.

10.

Defendant, GREAT AMERICAN INSURANCE COMPANY is a foreign corporation incorporated and domiciled in the State of Ohio, with its principal place of business in Cincinnati, Ohio.

11.

Complete diversity of citizenship existed between Plaintiffs and Defendants on the date of filing of this lawsuit, and exists as of the date of this removal.  Plaintiffs are citizens of Louisiana. Defendants, on the other hand, were not at the time of the filing of the lawsuit, and are not as of the date of this removal, citizens of the State of Louisiana.

12.

In regard to the amount in controversy requirement, Plaintiffs allege that they have a claim for the total loss of a charter fishing vessel with an agreed hull value of $265,000.00 under the insurance policy at the heart of the instant dispute.

13.

In addition Plaintiffs seek punitive damages, which alone has been deemed sufficient to meet the amount in controversy necessary for diversity jurisdiction.  *See*, *e.g*., *Haney v. Continental Cas. Co*., 2008 WL 5111021 (S.D. Miss. 2008).

14.

The alleged damages sustained by Plaintiffs in their Complaint are thus more than sufficient to establish that the requisite amount in controversy exists such that jurisdiction has been conferred upon this Court.

15.

For these reasons, Defendants submit that the amount in controversy requirement is satisfied and that Plaintiffs have the burden to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

16.

As a result of the foregoing, the parties are completely diverse in their citizenship and the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and, therefore, Defendants are entitled to removal of this action to federal court pursuant to 28 U.S.C. § 1441.

17.

This removal is made with Defendant reserving all rights to assert and plead any and all defenses to the claim, including, but not limited to, those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, GREAT AMERICAN INSURANCE COMPANY, respectfully removes this action to the United States District Court for the Southern District of

Mississippi, for further proceedings according to law.

Respectfully submitted,

**TREADAWAY BOLLINGER, LLC**

*/s/ Jeffrey E. McDonald*
JEFFREY E. MCDONALD
BRETT M. BOLLINGER
406 N. Florida Street, Suite 2
Covington, Louisiana 70433
Telephone: (985) 273-3123
Telefax: (985) 871-8788
E-mail:  jeff@ztlalaw.com
        brett@ztlalaw.com
*Counsel for Great American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by the Court's Electronic Case Filing System, e-mail and/or by placing same in the U. S. Mail, postage prepaid, on January 3, 2023.

*/s/ Jeffrey E. McDonald*